# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## TOLEDO DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 13-34880 |
| | ) | |
| Shannon P. Gehrisch | ) | |
| Christy P. Marjoros-Gehrisch | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | JUDGE:  Mary Ann Whipple |

## CHAPTER 13 PLAN

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOTICE:  (Check One)**

    X **This plan DOES NOT include any provision deviating from the uniform plan in effect at the time of the filing of this case.**

      **This plan DOES contain special provisions that must be and are set forth in paragraph 11 below.**

**YOUR RIGHTS WILL BE AFFECTED**.  You should read this plan carefully and discuss it with your attorney. Anyone who wishes to oppose any provision of this plan must file with the court a timely written objection.  This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the court in order to receive distributions under this plan.**

_____

## 1.  PAYMENTS
Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors ("Debtor") shall commence making payments to the Chapter 13 Trustee (the "Trustee") in the amount of $ $896.68   per month (the "Plan Payment"), plus any net tax refunds received during the pendency of this case over $1,500.00.

## 2.  DISTRIBUTIONS
**A.** After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) conduit payments as provided for in paragraph 3(C); (iv) monthly payments as provided for in paragraphs 3(A), 3(B), 4(A), 4(B) and 9; (v) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (vi) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vii) general unsecured claims.

**B.** If the Trustee has received insufficient funds from the Debtor to make the conduit payment, the Trustee may accumulate funds until sufficient funds are available for distribution of a full monthly payment.  If the Trustee has received insufficient funds from the Debtor to make the fixed monthly payment to secured creditors in subsection A (iv) of this paragraph, the Trustee may pay these secured creditor claims on a pro-rata basis.

**C.** Unless a claim objection is sustained, a motion to value collateral or to avoid a lien is granted, or the court otherwise orders, distributions on account of claims in paragraphs 3(A), 3(C), 4(A), 5, 6, 7 and 9 will be based upon the classification and amount stated in each claim holder's proof of claim rather than any classification or amount stated in this plan.

## 3.  CLAIMS SECURED BY REAL PROPERTY
**A. Mortgage Arrearages and Real Estate Tax Arrearages**

1

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages. The Debtors will pay their regular monthly mortgage payment outside of the Chapter 13 Plan.

| Creditor | Property Address | Estimated Arrearage Claim | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|---|
| N/A | | | |

### B. Other Real Estate Claims

Trustee shall pay the monthly payment amount to creditors up to the amount specified below to be paid through the plan. The portion of any allowed claim that exceeds the amount to be paid through the plan shall be treated as an unsecured claim.

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| N/A | | | | |

### 4. CLAIMS SECURED BY PERSONAL PROPERTY
### A. Secured Claims to be Paid in Full Through the Plan:

Trustee shall pay the following claims in full and in pro rata payments, the interest rate will be paid at the amount set forth below and not the amount in the Proof of Claim. Upon confirmation, the interest rate specified below, or as modified, will be binding under 11 U.S.C. §1327 unless a timely written objection to confirmation is filed and sustained by the court.

| Creditor | Collateral Description | Estimated Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| **Capital One Auto Finance** | **2013 Kia Optima** | **$23,015.99** | **5.0%** | **Pro rata** |

### B. Secured Claims NOT to be Paid in Full Through the Plan:

Claims specified below are debts secured by personal property not provided for in paragraph 4(A) above. Trustee shall pay the allowed claims the secured amount with interest and in pro rata payments as specified below. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Upon confirmation, the secured amount and interest rate specified below, or as modified, will be binding under 11 U.S.C. §1327 unless a timely written objection to confirmation is filed and sustained by the court.

| Creditor | Collateral Description | Secured Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| N/A | | | | |

### 5. DOMESTIC SUPPORT OBLIGATIONS

Debtor    does   X does not have domestic support obligations under 11 U.S.C. §101(14A).

**A.** Trustee shall pay under 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|
| N/A | | |

**B.** Specify the holder(s) of any claims for domestic support obligations under 11 U.S.C. §1302(d) if different than the creditor(s) shown in paragraph 5(A) above. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

2

| Holder | Address |
|--------|---------|
| Name | & Telephone |
| **N/A** | |

## 6. OTHER PRIORITY CLAIMS

Trustee shall pay under 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Estimated Claim Amount |
|----------|------------------------|
| **Internal Revenue Service** | **$1,865.32** |

## 7. GENERAL UNSECURED CLAIMS

General unsecured debts shall be paid 100 cents on the dollar (100.00% of the valid claim) and paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

## 8. PROPERTY TO BE SURRENDERED

Debtor surrenders the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.

| Creditor | Property Description |
|----------|----------------------|
| **Beneficial Financial I, Inc.** | **731 Winterberry Drive, Findlay, Ohio 45840-6837, PPN: 560000193030** |

## 9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages. Debtor shall pay all post-petition payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Description | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|----------|---------------------|---------------------------|-----------------------------------|
| **Pamela G. Walker Landlord** | **7137 Township Road 212 Findlay, Ohio 45840** | **None** | **Not applicable.** |

## 10. OTHER PLAN PROVISIONS

(a) Property of the estate shall revest in the Debtor __ upon confirmation.  X  upon discharge, dismissal or completion.   If the Debtor has not marked one of the boxes, property of the estate shall revest in the Debtor upon confirmation. If the Debtor has elected to have property of the estate revest in the Debtor upon discharge or dismissal, the Debtor must maintain adequate insurance of all property in the estate. Unless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case.

(b) The treatment of the claims of creditors as set forth in this plan shall become absolute upon confirmation, under 11 U.S.C. §1327. Therefore, if a creditor or contract party named herein objects to this plan, including the valuation of security, interest to be paid, and the treatment of executory contracts and unexpired leases, a formal objection to confirmation must be timely filed with the court.

(c) This plan incorporates 11 U.S.C. §1325(a)(5)(B)(i) with respect to each allowed secured claim provided for by this plan.

3

(d)  Notwithstanding the automatic stay, creditors and lessors provided for in paragraphs 3(A), 3(C), and 9 of this plan may continue to mail customary notices or coupons to the Debtor.

**11.  SPECIAL PROVISIONS**
This plan shall include the provisions set forth in the boxed area below.  **Note: The provisions set forth below will not be effective unless there is a check in the second *notice box* preceding paragraph 1.**  Further, these provisions should not contain a restatement of the Bankruptcy Code, Federal Rules of Bankruptcy Procedures, Local Bankruptcy Rules or case law.

    **NONE.**


_/s/ Shannon P. Gehrisch_____       Dated:     __12/19/2013_____
Debtor

_/s/ Christy P. Marjoros-Gehrisch_____    Dated:_____12/19/2013_____
Debtor


_/s/ Matthew L. Alden_____      Dated:     __12/19/2013_____
Attorney for Debtor

4